**E-FILED**
Thursday, 02 March, 2006   10:12:41 AM
Clerk, U.S. District Court, ILCD

NOS. 4-99-0599 AND 4-00-1075

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| | ) | the Seventh Judicial Circuit |
| Plaintiff-Appellee, | ) | Sangamon County, Illinois |
| | ) | |
| vs. | ) | No. 95-CF-573 |
| | ) | |
| THOMAS A. RICE, | ) | Honorable |
| | ) | Thomas R. Appleton |
| Defendant-Appellant. | ) | Judge Presiding. |

## BRIEF AND ARGUMENT FOR PLAINTIFF-APPELLEE

ORIGINAL

John P. Schmidt
State's Attorney
Sangamon County Courthouse
200 South Ninth Street
Springfield, Illinois 62701

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
David E. Mannchen
Staff Attorney
State's Attorneys Appellate
    Prosecutor
725 South Second Street
Springfield, Illinois 62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE



FILED
FEB 2 6 2003
Clerk of the
Appellate Court, 4th Dist.

EXHIBIT J

_ PAGE

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN

DENYING THE DEFENDANT'S MOTION FOR POST-JUDGMENT

RELIEF WHICH ALLEGED THAT PERJURED TESTIMONY HAD

BEEN PRESENTED AT HIS TRIAL . . . . . . . . . . . . . . . 2

People v. Brown, 169 Ill.2d 94, 660 N.E.2d 964
(1995) . . . . . . . . . . . . . . . . . . . . . 2

People v. Schaff, 281 Ill.App.3d 290, 666 N.E.2d
788 (1st Dist. 1996) . . . . . . . . . . . . . . 2, 3

People v. Burrows, 172 Ill.2d 169, 665 N.E.2d
1319 (1996) . . . . . . . . . . . . . . . . . . . 3

People v. Bracey, 51 Ill,2d 514, 283 N.E.2d 658
(1972) . . . . . . . . . . . . . . . . . . . . . 3

People v. Dotson, 163 Ill.App.3d 419, 516 N.E.2d
718 (1st Dist. 1987) . . . . . . . . . . . . . . 3, 4

People v. Hilliard, 109 Ill.App.3d 797, 441 N.E.2d
135 (1st Dist. 1982) . . . . . . . . . . . . . . 3, 4

People v. Steidl, 142 Ill.2d 204, 568 N.E.2d 837
(1991) . . . . . . . . . . . . . . . . . . . . . 4

People v. Edwards, 291 Ill.App.3d 476, 684 N.E.2d
802 (1st Dist. 1992) . . . . . . . . . . . . . . 4

People v. Perkins, 260 Ill.App.3d 516, 636 N.E.2d
780 (1st Dist. 1994) . . . . . . . . . . . . . . 7

i

725 ILCS 5/122-1 et seq.  . . . . . . . . . . . . . . . . .  2

735 ILCS 5/2-1401 . . . . . . . . . . . . . . . . . . . .  3

## NATURE OF THE CASE

In 1996, defendant was convicted of murder and was sentenced to 35 years' imprisonment. In January 1998, defendant filed a post-conviction petition and a motion for relief under 735 ILCS 5/2-1401 alleging that perjured testimony had been presented at his trial. Following an evidentiary hearing, the trial court denied the defendant's motions. On appeal, the defendant contends that the testimony of a witness that he had lied at the defendant's initial trial entitled him to post-judgment relief.

1

ARGUMENT

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE
DEFENDANT'S MOTION FOR POST-JUDGMENT RELIEF WHICH ALLEGED THAT
PERJURED TESTIMONY HAD BEEN PRESENTED AT HIS TRIAL.

The defendant contends that the trial court erred in
denying his request for post-judgement relief.  The defendant
contends that the testimony of Larry Granderson that he had
lied when he testified at the defendant's initial trial was
sufficient to require reversal of his conviction.  The State
maintains that the trial court properly rejected the
defendant's requests for post-judgement relief based on a
finding that Granderson's recantation of his previous
testimony was not credible.

Initially, it should be noted that the trial court
properly dismissed the defendant's petition for post-
conviction relief as a matter of law.  In order to be entitled
to post-conviction relief under 725 ILCS 5/122-1 et seq.,
based on the alleged use of perjury at the defendant's trial,
the defendant must allege and establish that the State had
knowingly used perjured testimony at his trial.  <u>People v.</u>
<u>Brown</u>, 169 Ill.2d 94, 106-107, 660 N.E.2d 964, 970 (1995);
<u>People v. Schaff</u>, 281 Ill.App.3d 290, 293, 666 N.E.2d 788, 789

2

(1st Dist. 1996). In this case, the defendant did not allege that the State was aware of Granderson's alleged false testimony. Indeed, at the hearing on the defendant's post-judgment claims, the defendant admitted that he had no evidence that the State knew of the alleged perjury. (R. Vol. II, 11) The defendant was therefore not entitled to post-conviction relief. The dismissal of that petition should be upheld on this basis alone.

The trial court also did not err in denying the defendant's request for relief under 735 ILCS 5/2-1401. In section 2-1401 proceedings claiming perjury, the defendant must show by clear and convincing proof the substance of his allegations. People v. Burrows, 172 Ill.2d 169, 180, 665 N.E.2d 1319, 1324 (1996); People v. Bracey, 51 Ill,2d 514, 283 N.E.2d 658 (1972). The determination of the credibility of the witnesses presented is for the trial court. People v. Dotson, 163 Ill.App.3d 419, 424, 516 N.E.2d 718, 722 (1st Dist. 1987); People v. Hilliard, 109 Ill.App.3d 797, 802, 441 N.E.2d 135, 139-140 (1st Dist. 1982). Its determination may be disturbed only if manifestly erroneous. Burrows, 172 Ill.2d at 180, 665 N.E.2d at 1324; Dobson, 163 Ill.App.3d at 425-426, 516 N.E.2d at 722. The trial judge's denial of the defendant's motion was proper under this standard.

In this case, the defendant's claim relied upon the

3

credibility of Larry Granderson's testimony at the post-judgment hearing that he had lied at the defendant's initial trial and that he had actually not seen the defendant shoot John Day.  However, the trial court expressly found that it was "not persuaded of the truth of Mr. Granderson's testimony in this hearing."  (R. Vol. I, C273) This decision was amply justified since recantation testimony is inherently unreliable and is not sufficient grounds for a new trial.  People v. Steidl, 142 Ill.2d 204, 253-254, 568 N.E.2d 837, 858-859 (1991); People v. Edwards, 291 Ill.App.3d 476, 486, 684 N.E.2d 802, 810 (1st Dist. 1992); Dotson, 163 Ill.App.3d at 425-426, 516 N.E.2d at 721; Hilliard, 109 Ill.App.3d at 802, 441 N.E.2d at 139.

In this case, in addition to the inherently suspect nature of Granderson's recantation, there were good grounds to doubt the credibility of his latest version of what happened. Granderson's testimony at the hearing was inconsistent. Granderson testified that he did not tell anyone that he had not seen the shooting and that he had lied at defendant's trial until he gave a statement to defense counsel in September 1997.  (R. Vol. II, 28-29, 34-35, 42)  However, he also testified that, five days after the shooting, he told several of the defendant's relatives "the actual truth" of what had happened, namely, that he had not seen anything.  (R.

4

Vol. II, 43-45) This inconsistency raised great doubts about Granderson's present claim he had seen nothing. This is particularly true since it is inconceivable that the defendant's relatives would not have come forth at least prior to defendant's second trial with the information that Granderson told them he saw nothing.

There were other inconsistencies in Granderson's testimony. In his written statement disavowing knowledge of the shooting, Granderson stated that Rosia Strickland was standing in the doorway looking out the window. (R. Vol. II, 49-51) However, at the hearing, he testified that Rosia was in the kitchen and could not have seen anything. (R. Vol. II, 32, 50-51)

Granderson further testified that he had lied about receiving threats in order to lay the groundwork for not appearing at the defendant's second trial. (R. Vol. II, 53) However, he acknowledged that the allegedly false reports of threats had been made prior to the first trial at which the jury was unable to reach a verdict. (R. Vol. II, 54-56) Given these many inconsistencies in Granderson's testimony, the trial court was justified in determining that his present disavowal that he did not see the shooting was not credible.

Granderson's testimony was also inconsistent with the evidence presented at the defendant's trial. According to

5

Granderson, Shaunetta Strickland was upstairs in her room or on the steps at the time John Day went outside and was shot. (R. Vol. II,32; Vol. IV, 10-11, 14-15) However, Shaunetta Strickland testified at trial that she was in the living room near the window at the time of the shooting.  (Supp.R. Vol. IV, 148, 161-162, 164, 166-167) This inconsistency provides a further basis to doubt the veracity of Granderson's post-judgment testimony.

Granderson's testimony was also suspect due to the manner in which his recantation was made.  Granderson was serving a sentence of three years for burglary at the time he reported his alleged perjury (R. Vol. IV, 5-6) and thus had an interest in getting back at the State for his conviction.  In addition, he first reported his alleged perjury in conversations with relatives of the defendant in prison.  (R. Vol. IV, 44-45) He then gave a deposition to defense counsel which was repeatedly interrupted for off the record discussions.  (R. Vol. IV, 8, 11, 14, 26, 29) No credence could be given to a recantation given under these circumstances.

Contrary to defendant's assertion (Defendant's Brief, p. 17), the affidavits of Shirley Allison and Cynthia Granderson, defendant's sisters, could not be used to support his claim that Granderson had lied at his trial.  According to their affidavits, these relatives only had information regarding a

6

statement made by Rosia Strickland that no one in the house had seen the shooting.  (R. Vol. I, C267-C268) However, this information constitutes hearsay.  As such, it could not form the basis for relief under section 2-1401.  See, <u>People v. Perkins</u>, 260 Ill.App.3d 516, 518, 636 N.E.2d 780, 781-782 (1st Dist. 1994) (affidavit that affiant had been told by witness that she had lied at defendant's trial insufficient to require section 2-1401 hearing since affiant had no personal knowledge of matter and could only report hearsay statement from the witness at defendant's trial).

The trial court did not abuse its discretion in denying defendant's motion for 2-1401 relief.  The court had heard the testimony and determined that the claim of perjury at trial was not credible.  This determination was amply justified by the record and by the inherently suspect nature of such recantations.  There is no basis upon which this court should substitute its judgment for that of the trial court on this matter of credibility.

This court should therefore affirm the trial court's order denying the defendant's requests for post-judgment relief.

7

## CONCLUSION

Wherefore, the PEOPLE OF THE STATE OF ILLINOIS respectfully request this court to affirm the trial court order denying the defendant's post-conviction petition and motion for post-judgment relief under 735 ILCS 5/2-1401.

Respectfully submitted,

THE PEOPLE OF THE STATE OF ILLINOIS

John P. Schmidt
State's Attorney
Sangamon County Complex
200 South Ninth Street
Springfield, Illinois 62701

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
David E. Mannchen
Staff Attorney
State's Attorneys Appellate
        Prosecutor
725 South Second Street
Springfield, Illinois 62704
(217) 782-8076

COUNSEL FOR PLAINTIFF-APPELLEE

8