E-FILED
Friday, 07 April, 2006 02:15:33 PM
Clerk, U.S. District Court, ILCD

IN THE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. THOMAS RICE, Petitioner, | ) ) ) ) | No. 04-3019 |
| vs. | ) | The Honorable |
| STEPHEN BRYANT, Warden, Respondent. | ) ) ) | Jeanne E. Scott, Judge Presiding |

PETITIONER'S REPLY TO RESPONDENT'S ANSWER
_____

Now comes the petitioner, Thomas Rice, pro se, and presents the instant reply to the respondent's Answer.

1)  The respondent answers that the petitioner's claims are either non-cognizable for federal habeas review, has been adjudicated on the merits by the state court, or is without merit.

2)  Contrary to the respondent's assertion, the issue at hand is not 'simply a case of the state not applying its own laws, but reveals a clear disregard for the petitioner's due process right to a fundamentally fair trial, and the equal protection of the law. Also at issue is whether the state court's denial of petitioner's request for a new trial was an 'unreasonable determination', given the record.

3)  The trial court allowed a transcript of previous testimony of a witness instead of insisting on the presence of that witness. The trial court concluded that adequate effort had been made to bring the witness, Larry Granderson, to the second trial and, therefore, the transcript would suffice.  The appellate court agreed.

4)  The petitioner argues that his constitutional right to confront the witness against him was violated.  Both the U.S. and Illinois constitutions allows the accused the right to meet the witnesses face to face.  Although the witness appeared at the first trial, the second trial constituted a new proceeding.  Therefore, the petitioner should have enjoyed every constitutional right available to a person

accused of a crime. This includes the face to face meeting of any witnesses against him.

5) Of even more importance is the petitioner's right to a fundamentally fair trial by being adequately tried by a jury of the petitioner's peers. The petitioner's first trial ended in a hung jury. Those jurors could not convict the petitioner, even after listening to the testimony of the state's sole 'eyewitness' (who later admitted to perjuring himself on that issue). Along with other things, is it not possible that the jurors in the petitioner's first trial could not convict the petitioner because of having doubts about the credibility of the key state's witness? And if so, didn't those doubts prove valid when that state's witness in a later proceeding admitted to lying about the most critical aspect of the entire incident? That is, admitting that he did not see the petitioner shoot the victim?

Furthermore, can it truly be said that the jurors in the petitioner's second trial had a real opportunity to adequately evaluate the state's key witness, where only the transcript of that witnesses testimony from the first trial was admitted? Isn't it true that a witness' demeanor is to be considered along with his words? Wasn't it impossible for the second jury to evaluate the demeanor of the absent witness?

Also, during the petitioner's second trial, new information was revealed by a police official that the state's key witness was a drug user. This fact alone was a critical subject for cross examination that the petitioner's second trial attorney wanted to ask the state's key witness. Because that witness was absent, and the information concerning his drug use was not known in the first trial, it cannot be said that for the purposes of admitting the witness's prior testimony an adequate opportunity to cross examine the witness had been afforded the defendant.

6) The state used <u>Barber v. Page</u> as support for the trial court's admittance of previously recorded testimony (Barber v. Page, 88 S.Ct. 1318, 390 U.S. 719). The <u>Barber</u> case was testimony from a <u>preliminary hearing</u>, which was presented to a single trier of fact, in the same prosecutorial proceeding. In the case at bar, the prior testimony from one trial and heard by one jury was later admitted for a second trial, with a new jury. The petitioner should have been allowed to cross examine the state's key witness before the new jury; especially

when new facts (such as the witness' drug use) was only revealed at the new trial.

7) The trial court's decision to allow the admittance of the transcript of the previous testimony in this case was clearly in error. The trial judge relied on his view of the credibility of the state's key witness in determining whether he would admit the transcript or not. That witness' credibility was certainly at issue when he later admitted to lying, and his drug use was discovered. At that point, the trial judge had already allowed the transcribed testimony to be admitted to a jury 'unfamiliar' with the witness (2254(3)(1)/U.S. C.A.; <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029-'A federal court can disagree with a state court's credibility determination'.) Because the state's key witness' testimony had no "adequate indicia of reliability...does not fall within a firmly rooted hearsay exception, or bears [a] particularized guarantee of trustworthiness, the transcript of his prior testimony should not have been admitted (<u>Ohio v. Roberts</u>, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed. 2d 597, <u>Crawford v. Washington</u>, 124 S.Ct. 1454(2004).

The testimony of the state's key witness given after the second trial, where he recanted his statement, admitted to lying on the stand, and where additional supportive affidavits from other surrounding 'witnesses' stated the same, called upon the state court to grant the petitioner a new trial. To not do so constitutes an unreasonable determination given the record.

## CONCLUSION

The petitioner clearly presented in his petition the claims that his federal constitutional rights were violated. The petitioner now prays that this Honorable Court grant him the relief sought, and order at the least a new trial.

Respectfully Submitted,
*Thomas A. Rice*
Thomas Rice
B29636
P.O. Box 900
Ina, IL 62846

3

IN THE
U.S. District Court
Central District

Thomas Rice
Plaintiff,                                    )
                                              )
                                              ) Case No. 04-3019
       v.                                     )
                                              )
Stephen Bryant, Warden                        )
                                              )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Mary A. Fleming                    TO:

Asst. Attorney General
100 W. Randolph St, 12th Fl.
Chicago, IL 60601

PLEASE TAKE NOTICE that on __April 1__, 20_06_, I have placed the documents listed below in the institutional mail at __Big Muddy__ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: __Petitioner's Reply to the Respondent's Answer__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: __April 1, 2006__            /s/ __Thomas A Rice__
                                    NAME: __Thomas Rice__
                                    IDOC#: __B29636__

                                    __Big Muddy__ Correctional Center
                                    P.O. BOX __900__
                                              __Ina__, IL __62846__

Revised Jan 2002