IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>THOMAS RICE, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| vs. | )<br>) | No. 04-3019 |
| ROY BRADFORD, Warden, | )<br>) | The Honorable<br>Jeanne E. Scott, |
| Respondent. | )<br>) | Judge Presiding. |

_____

**RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO APPEAL**

Pursuant to this Court's docket entry, respondent, Roy Bradford, by his attorney, LISA MADIGAN, Attorney General of Illinois, files this Response to petitioner's Motion for Leave to Appeal filed in the above-captioned cause, and states as follows:

1. On October 31, 2006, this Court entered judgment denying petitioner habeas corpus relief. (Doc. 36, 37). Pursuant to the Federal Rules of Appellate Procedure, petitioner was required to file his notice of appeal within 30 days after the judgment or order — in this case, by November 30, 2006. Fed.R.App.P. 4(a)(1). Petitioner did not do so.

2. Instead, on December 1, 2006, petitioner sent a letter to John M. Waters, Clerk of the United States District Court for the Central District of Illinois, asking to "be allowed to proceed in [his] litigation." (Doc. 38). This letter, filed-stamped on December 6, 2006, alleged that petitioner was not informed that judgment had been entered in his federal habeas case until November 30, 2006, when he received a copy of the court's docket in response to his November 26, 2006 letter requesting that the

1

clerk's office notify him of the status of his federal habeas petition. *Id*. Petitioner did not attach his November 26, 2006 letter or the clerk's November 30, 2006 response to his letter asking to "proceed in [his] litigation." (Doc. 38). Moreover, the November 26, 2006 letter and the clerk's response are not shown on the docket. Petitioner has not demonstrated that he did not receive notice of the judgment in this case.

    3.    Petitioner's letter can be construed as either: (1) a motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5); or (2) a request to reopen the time to file an appeal pursuant to Rule 4(a)(6).[1] Extensions of Rule 4(a)(1)(A)'s 30-day time limit are governed by Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which states:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5). Petitioner's letter, dated December 1, 2006 and filed on December 6, 2006, was filed within 30 days after the expiration of the normal appeal period, and thus is a timely motion for extension of time. *See Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 886 (7th Cir. 1992). Rule 4(a)(5) permits a district court to grant an extension of no more than 30 days past the normal appeal period, or ten days from entry of the order granting the extension, whichever occurs later. Rule 4(a)(5)(B). Ultimately, the decision whether to allow a late notice of appeal is within this Court's discretion. *Pearson v. Gatto*, 933 F.2d 521, 524 (7th Cir. 1991). However, petitioner has not

---

[1] The December 1, 2006 letter cannot itself be construed as a notice of appeal because it was not filed within 30 days of the Court's October 31, 2006 judgment.

demonstrated excusable neglect or good cause. He has not shown that he did not receive notice of the petition's denial.

    4.    If petitioner did not receive notice of the October 31, 2006 judgment, then the time to file a notice of appeal could be reopened pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. Rule 4(a)(6). Under this rule, if the Court finds that petitioner was not notified under Civil Rule 77(d) of the entry of the judgment within 21 days after that judgment was entered, then the court may reopen the time to appeal, provided that all of the other requirements of subdivision (a)(6) are met. Again, petitioner has not demonstrated that he did not receive notice of the judgment pursuant to Rule 77(d).

    5.    To the extent that this Court may construe petitioner's motion as a motion for a certificate of appealability (CA), no CA should be granted. This Court may grant a CA only if petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c). In other words, petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      6.      Petitioner's claims were properly considered and denied by this Court. This Court held that petitioner's right to confrontation was not violated when the state trial court allowed the prosecutors to present the testimony of witness Granderson from the first trial in the second trial. (Doc. 36 at 9-10). Specifically, petitioner had a prior opportunity to confront and fully cross-examine Granderson and the State made good-faith efforts to obtain Granderson's presence at the second trial. (*Id*. at 10*)*. As such, the state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. (*Id*.). Petitioner also claimed that he was entitled to habeas relief stemming from the trial court's denial of his request for a new trial based on evidence that Granderson had given perjured testimony at the first trial. This Court found that petitioner's due process rights were not violated, and there was no evidence showing that state authorities knowingly presented perjured testimony. (Doc. 36 at 9-10-13). Reasonable jurists could not debate this Court's adjudication of petitioner's constitutional claims. *Slack*, 529 U.S. at 484. Accordingly, respondent respectfully requests that this Honorable Court deny any application for a certificate of appealability.

## CONCLUSION

WHEREFORE, for the above reasons, respondent respectfully requests that this Court deny petitioner's request to file a late notice of appeal.

December 21, 2006                                   Respectfully Submitted,

                                                    LISA MADIGAN
Attorney General of Illinois

BY:    s/ MARY A. FLEMING
MARY A. FLEMING
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, IL 60601
Phone: (312) 814-3692
Fax: (312) 814-2253
Email: mfleming@atg.state.il.us
Att.Reg.No.: 6242892

5

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. THOMAS RICE, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | No. 04-3019 |
| ROY BRADFORD, Warden, | ) ) | The Honorable Jeanne E. Scott, |
| Respondent. | ) ) | Judge Presiding. |

_____

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2006, I electronically filed a Response To Petitioner's Motion For Leave To Appeal with the Clerk using the CM/ECF system, and sent notice via U.S. mail to the following non-CM/ECF participant:

Thomas Rice
B29636
Big Muddy River Correctional Center
251 N. Illinois Highway 37
P.O. Box 900
Ina, Il 62846

s/ MARY A. FLEMING
MARY A. FLEMING
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3692
FAX: (312) 814-2253
E-mail: mfleming@atg.state.il.us
Att.Reg.No. 6242892