E-FILED
Tuesday, 30 January, 2007  12:58:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS RICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-3019 |
| | ) | |
| GREGORY LAMBERT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Thomas Rice's (Rice) Motion for Leave to Appeal, interpreted as a Notice of Appeal (d/e 38). Rice claims that he did not receive notice of the denial of his Petition under 28 U.S.C. § 2254 (Petition) and the corresponding October 31, 2006, entry of Judgment until November 30, 2006. For the reasons set forth below, Petitioner Thomas Rice's Motion is ALLOWED.

On October 31, 2006, this Court denied Rice's Petition. Judgment was entered October 31, 2006. Rice filed the instant Motion on December 7, 2006. In his Motion, Rice asks the Court to reopen the time for him to file a Notice of Appeal. On December 21, 2006, Respondent filed a

1

Response objecting to Rice's Motion (d/e 39). On January 17, 2007, Rice filed a Reply (d/e 40) in response to the Respondent's objection. In his Reply brief, Rice additionally asks the Court: (1) to construe the instant Motion as a Notice of Appeal; (2) to send him copies of the Court's Opinion denying his Petition and the corresponding entry of Judgment; and (3) to delay ruling on whether a Certificate of Appealability (COA) should issue until he receives and reviews the Court's Opinion, and prepares an adequate request for a COA.

Rice asserts in his Motion and in his Reply brief that, on November 26, 2006, he wrote a letter to the Court requesting the status of his case.[1] Rice asserts that he did not receive notice of the denial of his Petition and the corresponding October 31, 2006, entry of Judgment until November 30, 2006, when he received a docket report showing the denial of his Petition on October 31, 2006.

The Court construes Rice's Motion as a request for relief pursuant to Fed. R. App. P. 4(a)(6). This Court may reopen the time to file an appeal pursuant Fed. R. App. P. 4(a)(6), which provides as follows:

> The district court may reopen the time to file an appeal for a

---

[1]The Court notes that no such letter was ever received.

2

period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Turning to the facts of the present case, the Court finds that Rice did not receive notice under Fed. R. Civ. 77(d) of the entry of Judgment and the denial of his § 2255 petition within 21 days after entry. The Court further finds that the instant Motion is filed within 180 days after the Judgment and Order were entered and within 7 days after Rice received notice of the entry of Judgment. Finally, the Court finds that no party would be prejudiced by extending the time for Rice to file a notice of appeal. Thus, Petitioner's request to reopen the time to file an appeal is allowed.

Rice asks the Court to construe the instant Motion as a Notice of Appeal. The request is allowed. The clerk is directed to docket the instant Motion as Rice's Notice of Appeal. Rice further seeks copies of the Court's

3

Opinion and the corresponding October 31, 2006, entry of Judgment in order to prepare his Motion for a Certificate of Appealability (COA). The request is allowed. The Clerk is directed to send copies of the Court's Opinion and the corresponding October 31, 2006, entry of Judgment to Rice. The Court directs Petitioner to file a Motion for COA, identifying the issues he seeks to pursue on appeal, on or before March 15, 2007.

IT IS THEREFORE SO ORDERED.

ENTER: January 30, 2007.

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE