IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| Thomas Rice, Petitioner, ) | |
| ) | No. 04-3019 |
| vs. ) | |
| ) | |
| Gregory Lambert (now Roy Bradford) ) | |
| Respondent. | |

PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

Now comes the petitioner, Thomas Rice, pro se, and presents the instant request for the issuance of a Certficate of appealability in the above captioned cause. In support of the petitioner's request the following is stated:

On October 31, 2006, the district court ordered that the petitioner's request for Writ of Habeas Corpus be denied. After being granted and extension of the time allotted in which to appeal, the petitioner was granted until March 15, 2007 to request the issuance of a Certificate of Appealability.

The petitioner is entitled to a Certificate of Appealability (COA) because throught these Habeas Corpus proceedings there has been a substantial showing of the denial of a constitutional right. Specifically, the petitioner has argued that he was denied his Sixth Amendment guarantee of a fair trial by being deprived of his right to confront his accuser in a new trial setting. The petitioner argued that U.S. Supreme Court precedent dictated that the admittance of the State's key witnesses' transcribed testimony, instead of requiring that witnesses' presence, in a new trial violated the Confrontation Clause of the U.S. Sixth Amendment and violated the petitioner's 14th Amendment Due Process rights. (Crawford v. Washington, 541 US 36, 158 L Ed 2d 177, 124 S Ct 1354)

The applicable standard in determining whether COA should issue is whether reasonable jurists would find it debatable whether the district court should have resolved the matter in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. (Slack v. McDaniel, 529 U.S. 473 at 484(2000).

It must be said that reasonable jurist would find it debatable whether the appellant's habeas corpus petition stated a valid claim of the denial of a constitutional right when the admitted transcribed testimony was later recanted by the only State's witness who claimed to see the shooting, and whose testimony contradicted that of other State's witnesses. This witness' testimony at the petitioner's first trial cannot be said to have borne any indicia of reliability. Not only did the witness recant his damaging testimony in a post-trial proceeding, but revealed further untruths during that proceeding.

It must also be said that reasonable jurist would debate whether the appellant had a fair opportunity to cross-examine the later absent witness, where new facts were presented in the second trial; facts which called into question the witness' credibility. For example, in the second trial new information pertaining to the State's witnesses drug use was presented. Because the witness was not present no opportunity to cross-examine him was possible. Quoting the U.S. Supreme Court in Barber v. Page:

> "..."[t]he primary object of the [Confrontation Clause of the Sixth Amendment]...was to prevent depositions or ex parte affidavits... being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order **that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.**" (Barber v. Page, 390 US 719, 20 L Ed 255, 88 S Ct 1318 at 258 (1968)

The second jury in the case at bar was not given the opportunity described by the U.S. Supreme Court. Instead, they were read a transcript of the prior, and later recanted, testimony of a missing state witness.

The petitioner has certainly raised issues that are debatable, and which a different jurist or Court could find differently.

2

CONCLUSION

Wherefore, for the reasons mentioned in the instant request, the petitioner respectfully moves this Honorable Court to issue a Certificate of Appealability in this cause of action.

                                          Respectfully Submitted,

                                          *Thomas A Rice*
                                          Thomas Rice
                                          B29635
                                          P.O. Box 900
                                          Ina, IL 62846

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Thomas Rice, Petitioner, vs. Gregory Lambert (now Roy Bradford) | ) ) ) No. 04-3019 ) ) ) ) |

MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Now comes the petitioner, Thomas Rice, pro se, and respectfully moves this Honorable Court to allow him to proceed in forma pauperis on appeal. In support of the petitioner's motion the following is stated:

1) On October 31, 2006, the district court denied the petitioner's request for Habeas Corpus relief.

2) After being granted an extension of time, the petitioner has filed a request for the issuance of a certificate of appealability.

3) The petitioner has presented substantial questions for review, and has a reasonable basis for the claims of alleged error.

4) The petitioner moves this Honorable Court to consider the attached request for COA, and find that there is a reasonable basis for a different conclusion. (Please see attached in considering this motion)

5) The petitioner believes that his issues are not frivolous, and that good faith has been demonstrated.

1

## CONCLUSION

For the reasons mentioned in the instant motion, the petitioner moves this Honorable Court to certify that the petitioner's appeal is taken in good faith and allow the petitioner to proceed on appeal in forma pauperis.

Respectfully Submitted,

*Thomas Rice*

Thomas Rice
B29636
P.O. Box 900
Ina, IL 68246

IN THE
U.S. District Court
<u>Central District</u>

| | |
|---|---|
| <u>Thomas Rice</u><br>Plaintiff,<br><br>v.<br><br><u>Gregory Lambert (now Roy Bradford)</u><br>Defendant | )<br>)<br>) Case No. <u>04-3019</u><br>)<br>)<br>) |

## PROOF/CERTIFICATE OF SERVICE

TO: <u>Mary A. Fleming</u>  TO: _____
<u>Asst. Attorney General</u>
<u>100 W. Randolph St, 12th Floor</u>
<u>Chicago, IL 60601</u>

PLEASE TAKE NOTICE that on <u>March 14</u>, 20<u>07</u>, I have placed the documents listed below in the institutional mail at <u>Big Muddy</u> Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

<u>Petitioner's Request for Certificate of Appealability and</u>
<u>to Proceed In Forma Pauperis on Appeal</u>

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: <u>March 14, 2007</u>                     /s/ *Thomas R Rice*
                                              NAME: <u>Thomas Rice</u>
Subscribed and sworn before me this           IDOC#: <u>B29636</u>
                                              <u>Big Muddy Riv</u> Correctional Center
<u>14th</u> day of <u>March</u>, <u>2007</u>.          P.O. BOX <u>900</u>
                                                         <u>Ina</u>, IL <u>62846</u>
*[Notary seal: Jennifer Wilson, Notary Public, State of Illinois, My Commission Exp. 07/31/2008]*
NOTARY PUBLIC

Revised Jan 2002