IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS RICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  04-3019 |
| | ) | |
| GREGORY LAMBERT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Thomas Rice's Motion for a Certificate of Appealability and his Motion to Proceed In Forma Pauperis on Appeal (IFP Motion) (d/e 48).  For the reasons set forth below, Rice's Motion for a Certificate of Appealability is denied.  The IFP Motion is incomplete.

I.    Motion for a Certificate of Appealability

By Opinion dated January 30, 2007, the Court granted Rice until March 15, 2007, to file a Motion for a Certificate of Appealability.  On February 6, 2007, Rice filed his Jurisdictional Statement (d/e 44), which the Court construed as a Motion for a Certificate of Appealability.  In a Text

1

Order dated March 15, 2007, the Court denied Rice's request for a Certificate of Appealability.

Rice attests that he placed the two instant Motions in the prison mail system on March 14, 2007. The Court therefore will consider the instant Motion for a Certificate of Appealability as a supplement to his initial request. See Fed. R. App. P. 25(a)(2)(C) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day of filing.").

Appellate proceedings on collateral review cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2254 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a COA to be granted, Rice must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a

constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

The Court has, again, reviewed its October 31, 2006, Opinion denying Rice's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (d/e 36). The Court remains of the opinion that no reasonable jurists would find any of the rulings on Rice's constitutional claims to be debatable. Therefore, Rice's request for a Certificate of Appealability is denied.

II.   IFP Motion

Rice seeks leave to appeal IFP. The IFP Motion does not comply with Fed. R. App. P. 24(a) because it lacks Rice's financial information. Rice is directed to file an affidavit containing the information set forth in Form 4 in the Appendix to the Federal Rules of Appellate Procedure by May 15, 2007. The Court, therefore, directs the Clerk of the Court to provide Rice with a copy of Form 4 along with a copy of this Opinion. The Court will defer ruling on the IFP Motion until the additional information is submitted.

THEREFORE, Petitioner Thomas Rice's Motion for a Certificate of Appealability (d/e 48) is DENIED. The Court defers ruling on the IFP Motion (d/e 48) until the additional information is submitted. The Clerk

3

of the Court is directed to send Rice a copy of Form 4 in the Appendix to the Federal Rules of Appellate Procedure along with a copy of this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER: April 16, 2007.

    FOR THE COURT:

                                s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE